UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY D. LEE,

        Petitioner,

v.                               Case No.10-12202

CAROL HOWES,

        Respondent.
                                /

**ORDER DENYING PETITIONER'S "MOTION FOR THE APPOINTMENT OF COUNSEL" AND "MOTION FOR DEFAULT JUDGMENT . . ."**

Petitioner Larry D. Lee filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for third- and fourth-degree criminal sexual conduct. Now before the court are Petitioner's "Motion for the Appointment of Counsel" and "Motion for Default Judgment and Consideration of a Writ of Habeas Corpus Without the Respondent's Responsive Pleading."

There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the court determines after careful consideration that the interests of justice do not require appointment of counsel.

Petitioner seeks a default judgment because, he claims, Respondent failed to timely file an answer to the habeas corpus petition. The court directed Respondent to file an answer to the petition by December 11, 2010. Respondent filed her answer on December 13, 2010. Federal Rule of Civil Procedure 6 provides that the last day of a filing period shall be included in the time computation, unless it falls on a Saturday, Sunday or legal holiday. Fed. R. Civ. P. 6(a)(1)(C). In such a case, the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday. December 11, 2010 fell on a Saturday. *Id.* Therefore, Respondent was in compliance with the court's Order by filing her answer on the following Monday and the court denies the request for a default judgment.[1] Accordingly,

IT IS ORDERED that Petitioner's "Motion for the Appointment of Counsel" [Dkt. # 6] and "Motion for Default Judgment and Consideration of a Writ of Habeas Corpus Without the Respondent's Responsive Pleading" [Dkt. # 16] are DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 4, 2011

---

[1] Moreover, even in cases where a respondent fails to file a timely response or a timely motion for extension of time, the Sixth Circuit Court of Appeals has held that, based upon the express language of this habeas corpus provision, a federal court may not grant habeas corpus relief by entering a default judgment. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). *Accord Bleitner v. Welborn*, 15 F.3d 652 (7th Cir. 1994); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). *Cf. Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981) (holding that, in habeas corpus cases, the remedy of entering a default judgment as a sanction for respondent's failure to respond to petition may be an appropriate remedy where the respondent is guilty of extreme and inadequately explained delays).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 4, 2011, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-12202.LEE.Deny.Motions.Appoint.Counsel.Default.Judgment.mbc.wpd