**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LARRY LEE,

          Petitioner,

v.                                     Case No. 10-12202

CAROL HOWES,

          Respondent.

_____/

**OPINION AND ORDER STAYING PETITION AND ADMINISTRATIVELY CLOSING
CASE WHILE PETITIONER EXHAUSTS STATE COURT REMEDIES**

Petitioner Larry Lee has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his detainment by the Michigan Department of Corrections.  On December 16, 2006, Petitioner was convicted of one count of criminal sexual conduct in the third degree and one count of criminal sexual conduct in the fourth degree after a jury trial in Washtenaw County Circuit Court.  The trial court sentenced Petitioner to nine months in jail for the fourth degree conviction and 3 to 15 years in prison for the third degree conviction.  This matter is before the court on Respondent's answer to Petitioner's habeas petition.  Respondent maintains that the petition must be dismissed for failure to fully exhaust state court remedies.  For the reasons set forth below, the court concludes that Petitioner has not properly exhausted his state court remedies as to his self-representation claim.  The court will not however dismiss the petition.  Instead, it will stay all further proceedings for a reasonable period of time while Petitioner exhausts his state court remedies.

## II. BACKGROUND

Prior to his criminal trial, Petitioner sent at least two letters to the state trial judge detailing his dissatisfaction with his court-appointed counsel and stating that he either wanted to represent himself, or, alternatively, substitute his appointed attorney with an attorney willing to take the case on a pro bono basis.  (*See*, Pet. for Habeas Corpus Br. Apps. A, B, Dkt. ## 3-1, 3-2.)  In one letter to the trial judge, Petitioner stated, "I asked [my trial counsel] many times to file a motion to withdraw as counsel, so that I can exercise my right to self-representation in the cases against me.  She refuses to file the withdrawal motion."  (Pet. for Habeas Corpus Br. App. A. Dkt. # 3-1.)  Counsel never filed a motion to withdraw, and the record is devoid of any evidence that suggests the court conducted a meaningful inquiry into the status of Petitioner and trial counsel's relationship.  At the conclusion of an evidentiary hearing on October 13, 2006, however, Petitioner attempted to raise the issue of representation with the trial judge. (Evidentiary Hr'g Tr. 30:4-24, Oct. 13, 2006, Dkt. # 17-7.)  In the course of Petitioner's efforts to call attention to the issue, the trial judge instructed Petitioner to stop speaking and said, "You wrote me letters about that.  This is your attorney.  This is going to be your attorney at trial.  There has been so far as I can see effective representation.  I'm not going to take any further action on that."  (*Id*. at 30:20-24.)  Following this exchange, the issue of Petitioner's representation never again arose during the course of Petitioner's trial, and he was ultimately convicted on December 16, 2006.

On January 2, 2008, Petitioner's appointed appellate counsel filed a claim of appeal in the Michigan Court of Appeals challenging Petitioner's conviction on four grounds.  (Def.'s Br. on Appeal, Dkt. # 25-3.)  Despite arguing that Petitioner was

entitled to a new trial because a breakdown in the relationship between Petitioner and his trial counsel occurred, appellate counsel failed to argue that Petitioner was deprived of his Sixth Amendment right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975). (Def.'s Br. on Appeal 12-16, Dkt. #25-3 at 20-24.) Petitioner supplemented appellate counsel's claim of appeal by filing a Standard 4 supplemental brief,[1] which raised 10 additional claims. (Def.'s Pro Per Supplemental Br. on Appeal, Dkt. # 25-4.) Missing from the Standard 4 brief was any assertion that the trial judge deprived Petitioner of his right to self-representation. Indeed, a self-representation claim was not raised—either by Petitioner directly or by appellate counsel—until Petitioner filed a motion for leave to add additional constitutional claims to his Standard 4 brief in the Michigan Court of Appeals on July 16, 2008. (*See* Def.'s Pro Per Mot. to Add Constitutional Issues, Dkt. # 25-6 at 2.) The Court of Appeals denied Petitioner's motion to add claims, however, stating that, "Administrative Order 2004-6, Standard 4, provides that the defendant's filing shall consist of one brief filed with our without an appropriate accompanying motion. It does not provide for the filing of multiple briefs by the defendant. The brief filed with the motion is returned with this order." (Order Den. Mot. to Add Issues, Dkt. # 25-6 at 1.) Thereafter, the Court of Appeals ultimately affirmed Petitioner's convictions in a 13-page opinion, rejecting the claims raised in appellate counsel's claim of appeal and Petitioner's Standard 4 brief. (*See* Order Affirming Def.'s Convictions, Dkt. # 17-15 at 1.) The court did not address the self-

---

[1]Under Standard 4 of Administrative Order 2004-6, an indigent criminal defendant who insists that a particular claim or claims be raised on appeal against the advice of counsel" may file one brief presenting the claims "within 84 days after the appellant's brief is filed by the attorney." Administrative Order 2004-6, Standard 4, *available at* http://coa.courts.mi.gov/rules/documents/3AdministrativeOrders.pdf.

representation, which it previously found was improperly raised by Petitioner in his motion to add additional claims. (*Id.*)  After the Michigan Court of Appeals denied a motion for reconsideration in a one-sentence order, (Order Den. Mot. for Reconsideration, Dkt. # 17-15 at 103), Petitioner filed an application for leave to appeal to the Michigan Supreme Court, asserting five grounds for review in his statement of questions presented, none of which stated that Petitioner was deprived of his right to self-representation, (Appl. for Leave to Appeal iv, Dkt. # 17-16 at 8).  Petitioner did, however, raise the claim in the substantive portion of his brief, (*id.* at 25-28, Dkt. # 17-16 at 33-36), and in a sheet of paper appended to his Prison Legal Services of Michigan form accompanying his application, (Prison Legal Servs. Form, Dkt. 17-17 at 22).  The Michigan Supreme Court denied leave to appeal on July 9, 2009, in a standard order. (Order Den. Leave to Appeal, Dkt. # 17-16 at 1.)

On May 20, 2010, Petitioner filed this habeas petition, asserting three grounds for relief:

> 1.   MR. LEE WAS DENIED HIS FEDERAL U.S. CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL, A FAIR TRIAL, AND DENIED HIS FEDERAL RIGHTS TO PRESENT A DEFENSE WHEN [THE] TRIAL COURT BLATANTLY FAILED TO CONDUCT AN ADEQUATE INQUIRY AND BLATANTLY ABUSED ITS DISCRETION IN NOT APPOINTING SUBSTITUTE COUNSEL DESPITE READING AND BEING AWARE OF DEFENDANT'S LETTERS TO THE TRIAL COURT REGARDING THE FOLLOWING EGREGIOUSLY SUBSTANTIAL ATTORNEY CLIENT BREAKDOWNS WHERE TRIAL COUNSEL REFUSED TO INVESTIGATE AND CALL TWO CORROBORATING WITNESSES THAT OBSERVED THE DEFENDANT AND PLAINTIFF [VICTIM] HAVING CONSENSUAL SEX AND WHERE TRIAL COUNSEL IMPEDED ON DEFENDANT'S RIGHT TO SELF-REPRESENTATION BY REFUSING TO COMMUNICATE TO [THE] TRIAL COURT, DEFENDANT'S REQUEST TO REPRESENT HIMSELF.

2.    MR. LEE WAS DENIED HIS STATE AND FEDERAL
CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE
OF COUNSEL WHEN A KEY DEFENSE WITNESS THE
DEFENSE INTENDED TO CALL WAS NOT PRODUCED FOR
TRIAL

3.    MR. LEE WAS DENIED HIS STATE AND FEDERAL
CONSTITUTIONAL RIGHTS TO PRESENT A DEFENSE WHEN
THE TRIAL COURT FAILED TO GRANT A CONTINUANCE
WHEN A CRITICAL DEFENSE WITNESS WAS UNAVAILABLE
DUE TO HER GRANDMOTHER'S OUT-OF-STATE-FUNERAL

(Pet. for Habeas Corpus Br., Dkt. # 3 at 2.)  Among the numerous grounds for relief set

forth in the first enumerated issue, Petitioner alleges that his right to self-representation

was impeded upon by either his trial counsel or the trial court.[2]

## II.  DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254

must first exhaust all available state remedies.  *See* 28 U.S.C. § 2254(b)(1)(A), (c);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state

courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process."); *Rust v. Zent*, 17 F.3d 155,

160 (6th Cir. 1994).  Exhaustion requires a petitioner to "fairly present" each issue he

seeks to raise on habeas review to the state courts before he files a petition.  *See*

--------

[2]Respondent argues that Petitioner fails to clearly state whether his self-representation claim is asserted as an ineffective assistance claim or as a Faretta violation and suggests that the proper interpretation is that Petitioner claims his trial counsel was ineffective for not informing the trial court that Petitioner wished to represent himself.  (Respondent's Supplemental Answer 12, Dkt. # 24.)  In his reply, Petitioner disagrees and states that he asserts a traditional *Faretta* claim, not an ineffective assistance of counsel claim.  (Pet'r's Reply 14, Dkt. # 29.)  In light of the analysis below, the court need not decide this dispute because the claim, however it is cast, was not "fairly presented" to the state courts and has not been exhausted.  In this opinion the court will refer it as a "self-representation claim" simply for the sake of convenience and uniformity.

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*, 228 F.3d at 681). In other words, the prisoner must have asserted both the factual and legal bases for the claims to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Under § 2254(c), "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies as to his self-representation claim. Having presented the claim in a procedurally defective manner to the Michigan Court of Appeals, Petitioner failed to "fairly present" the claim on direct appeal. *See Black v. Ashley*, 87 F.3d 1315. 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (table) ("The fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely."). Because the Court of Appeals concluded that Standard 4 of Administrative Order 2004-6 permits a defendant to file only one pro per supplemental brief, the court denied Petitioner's motion to add additional claims, returned to him his proposed brief, and did not address the claim in its opinion upholding his convictions. While Petitioner alleges that the Court of Appeals' denial of his motion to add additional claims "was an arbitrary and unreasonable

6

application of Standard 4," (Pet'r's Reply at 10.), he fails to explain what was arbitrary and unreasonable about the court's interpretation of Standard 4.  Nor does the court find the Court of Appeals' interpretation of Standard 4 to be unreasonable or arbitrary. The plain language of Standard 4 states that a defendant's Standard 4 "filing shall consist of *one brief* filed with or without an appropriate accompanying motion." Administrative Order 2004-6, Standard 4, *available at* http://coa.courts.mi.gov/rules/documents/3AdministrativeOrders.pdf (emphasis added). Here, Petitioner attempted to file a second brief supplementing his original Standard 4 filing, a manner of presentation clearly not permitted under Standard 4.  Accordingly, Petitioner's claim was not "fairly presented" to the Michigan Court of Appeals because Petitioner presented the claim in a "procedurally inappropriate manner."

Furthermore, the court is not persuaded by Petitioner's alternative argument that he presented the claim at the first opportunity after the claim became ripe, and, therefore, the claim was fairly presented to the Michigan Court of Appeals.  (Pet'r's Reply 10, Dkt. # 29.)  Petitioner appears to suggest that the claim did not ripen until a factual basis existed in the record before the Court of Appeals to support the claim, an event, in Petitioner's view, that did not occur until after Petitioner filed his Standard 4 brief when the Court of Appeals *sua sponte* requested the letters Petitioner sent to the trial judge.  (*Id.*)  Petitioner cites no cases—nor is the court familiar with any—supporting the implication of this assertion, i.e., that a claim is not ripe for appellate review until the parties submit, or the court *sua sponte* requests, sufficient documentary evidence to support a claim.  Indeed, the central concern of the doctrine of ripeness is whether a "case involves uncertain or contingent future events that may not

7

occur as anticipated, or indeed may not occur at all," 13B Charles Alan Wright & Arthur
R. Miller, Federal Practice and Procedure § 3532 (3d ed. 1998), not whether an
appellant appended to his appellate pleadings sufficient evidence to supports his claims.
*See also Mich. Chiropractic Council v. Comm'r of Office of Fin. and Ins. Servs.*, 715
N.W.2d 561, 567 n.14 (Mich. 2006) ("Ripeness prevents the adjudication of hypothetical
or contingent claims before an actual injury has been sustained.  A claim is not ripe if it
rests upon 'contingent future events that may not occur as anticipated, or indeed may
not occur at all.'" (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568,
580-581 (1985))) *overruled on other grounds by Lansing Schools Educ. Ass'n v.
Lansing Bd. of Educ.*, 792 N.W.2d 686 (Mich. 2010).  At the time Petitioner appealed his
conviction to the Michigan Court of Appeals, the self-representation claim was not
hypothetical or contingent upon any future events, because the purported injury he
suffered—being denied his right to self-representation—occurred during his trial.  Thus,
the claim was fully ripe at the time appellate counsel filed a claim of appeal and
Petitioner filed his Standard 4 brief.

Petitioner's inclusion of the claim in his application for leave to appeal to the
Michigan Supreme Court also did not satisfy the fair presentation requirement for two
reasons.  First, despite raising the issue in an extra, unnumbered sheet of paper
appended to his Prison Legal Services of Michigan form and in the discussion portion of
his brief, Petitioner did not include the claim in the statement of questions presented.
(Appl. for Leave to Appeal iv, Dkt. # 17-16 at 8.)  Under Michigan law, a claim is not
properly presented to a state appellate court where the appellant fails to include the
claim in the statement of questions.  *See People v. Miller*, 604 N.W.2d 781, 783 (Mich.

8

Ct. App. 1999); *People v. Vance*, No. 300200, 2011 WL 6186959, at *1 (Mich. Ct. App. Dec. 13, 2011).  Furthermore, even were the claim included in the statement of questions presented, it still would not have been fairly presented because "[r]aising a claim for the first time before the state courts on discretionary review does not amount to a 'fair presentation' of the claim to the state courts for exhaustion purposes." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Because Petitioner presented the claim in a manner the Court of Appeals found procedurally defective, the claim's inclusion in Petitioner's application for leave to appeal would have been the first time Petitioner properly presented the claim to a state court for adjudication.  Under *Castille*, such presentation does not satisfy the "fair presentation" standard.

Finally, Petitioner's assertion that Respondent waived any objection to the exhaustion requirement is without merit.  While the exhaustion requirement is waivable by a respondent, § 2254(b)(3) provides that "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, *expressly waives* the requirement."  28 U.S.C. § 2254(b)(3) (emphasis added).  Respondent has made no express waiver of exhaustion, and, in fact, raises the issue in her supplemental answer.  (*See* Respondent's Supplemental Answer 13, Dkt. # 24.)  Nevertheless, Petitioner argues that a county prosecutor's statement in a response brief in opposition to Petitioner's application for leave to appeal to the Michigan Supreme Court estopps Respondent from now raising the issue.  (Pet'r's Reply 14-15, Dkt. # 29)  Petitioner, once again, offers no support for the assertion that a statement made by a county prosecutor—not Respondent—in a *state court* proceeding operates as an *express waiver* of the exhaustion requirement

9

under § 2254(b)(3).  Accordingly, the court concludes that Respondent has not expressly waived the exhaustion requirement.

Having found that Petitioner failed to fairly present his self-representation claim to the state courts, the court further concludes that Petitioner has at least one available avenue by which to raise his unexhausted claim in the state courts.  Petitioner may file a motion for relief from judgment pursuant to Michigan Court Rule 6.502.  Under this rule, a defendant may file one such motion challenging the validity of his conviction.  Mich. Ct. R. 6.502(G)(1).  Because Petitioner has not yet filed his one allotted motion, he may still present his self-representation claim to the state courts, and, therefore, under § 2254(c), his claim is not exhausted.

Typically when a district court is presented with a mixed habeas petition, i.e., a petition in which some claims are exausted and some are not, it dismisses the entire petition without prejudice in order to permit a petitioner to exhaust his claims in state court.  Here, however, Petitioner requests that the court stay further proceedings and hold his petition in abeyance pending the exhaustion of state court remedies, because the one-year statute of limitations has elapsed and a dismissal would preclude Petitioner from seeking federal habeas relief after he exhausts his self-representation claim.  (Pet'r's Reply 16, Dkt. # 29.)  The Sixth Circuit has recognized that in situations where a dismissal without prejudice will necessarily prevent future federal habeas review, a district court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  However, the Supreme Court has held that the stay-and-abeyance procedure should only be available in "limited circumstances" because excessive use of

10

the procedure threatens the Antiterrorism and Effective Death Penalty Act's dual purposes of finality of judgment and encouraging petitioners to first exhaust their claims in state courts. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). *Rhines* dictates that staying a petition is only appropriate if a petitioner shows (1) there is "good cause" for his failure to exhaust, (2) the unexhausted claims are not "plainly meritless," and (3) the petitioner has not engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

Here, there is no evidence that Petitioner engaged in intentional delay or dilatory litigation practices. Further, upon initial review of the record, Petitioner's self-representation claim is not "plainly meritless." Finally, Petitioner argues that "good cause" exists based upon appellate counsel's alleged ineffectiveness in failing to present the self-representation claim on direct appeal. (Pet'r's Reply 18, Dkt. # 29.) This district has found on numerous occasions that *alleged* ineffective assistance for failing to raise a claim on post-conviction appeal constitutes "good cause" under *Rhines*. *See, e.g., Wengorovius v. Scutt,* No. 09-13228, 2009 WL 2849577, at *3 (E.D. Mich. Sept. 1, 2009); *Wright v. Trombley*, No. 07-10965, 2007 WL 4181316, at *2-3 (E.D. Mich. Nov. 27, 2007); *Lanton v. Lafler*, No. 06-11103, 2007 WL 2780552, at *2 (E.D. Mich. Sept. 24, 2007); *contra Hubbert v. Renico*, No. 04-71018, 2005 WL 2173612, at *3-4 (E.D. Mich. Sept. 7, 2005) (holding that alleged ineffectiveness of appellate counsel does not constitute "good cause"). While the court acknowledges the well-established principle that generally an appellate attorney need not raise every non-frivolous claim on post-conviction review, *Evitts v. Lucey*, 469 U.S. 387, 394 (1985), the court nonetheless concludes that Petitioner has shown "good cause" in this particular case to justify the issuance of a stay in view of the substance of the self-representation claim and

11

appellate counsel's apparent decision not to present a *Faretta* claim on direct appeal despite Petitioner's numerous letters to the trial judge expressly stating his desire to represent himself.  Because Petitioner has satisfied the *Rhines* factors, the court will stay the petition for a reasonable period of time.

### III.  CONCLUSION

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is STAYED.  The stay is conditioned upon Petitioner presenting his unexhausted claim(s) to the state courts within 60 days of this order if he has not already done so.  *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned upon Petitioner's return to this court with an amended petition, using the same caption and case number within 60 days of exhausting state remedies.  *See Palmer*, 276 F.3d at 781 (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 281 (2d Cir. 2001)).  Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.  Lastly, this case is CLOSED for administrative purposes.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 30, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 30, 2012, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522